UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05cr340

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER and NOTICE |
| | ) | |
| ELIJAH JUNIOR SIMMS | ) | |
| | ) | |

**THIS MATTER** is before this Court upon the defendant's pro se motion for a new trial or to vacate the case in its entirety. (Doc. No. 65).

A jury returned a guilty verdict on February 16, 2006. (Doc. No. 31: Verdict). Judgment was entered on the defendant's sentence on December 19, 2006. (Doc. No. 39). The Fourth Circuit affirmed the defendant's conviction and sentence on December 9, 2008 (Doc. No. 59), and issued its mandate on February 17, 2009 (Doc No. 60). The instant motion was apparently signed by the defendant on August 31, 2009, but not postmarked until October 16, 2009. (Doc. No. 65).

The defendant's motion describes information he allegedly made known to his trial counsel that was not utilized in his defense that the defendant claims would have altered the outcome. Because the defendant does not describe new evidence, the Court does not interpret the defendant's motion as a request for a new trial under Fed. R. Crim. P. 33(b)(1).[1] Rather, he asserts his trial attorney was constitutionally ineffective for failing to seek the introduction of the evidence described in the motion. Such a claim is generally made pursuant to a Motion to Vacate under 28 U.S.C. § 2255. United States v. Allen, 491 F.3d 178, 191 (4th Cir. 2007).

---

[1] If the defendant's intent were to seek a new trial based on newly discovered evidence, it appears that he has missed the three-year time period to raise that claim. United States v. Gattis, No. 09-7110, 2009 WL 2843557, at *1 (4th Cir. Sept. 3, 2009) (Rule 33 motion based on newly discovered evidence must be filed within three years of a guilty verdict).

It cannot be said with certainty that the defendant intended for his motion to initiate a claim under § 2255. Therefore, the Court advises the defendant of the following: (1) the Court intends to construe his motion as a Motion to Vacate pursuant to 28 U.S.C. § 2255; (2) if so construed, the Court will provide the defendant with an opportunity to supplement or amend his motion, to the extent permitted by law; and (3) a consequence of converting the defendant's motion into a § 2255 motion is that any later attempt by the defendant to file a § 2255 motion would be subject to dismissal as a second or successive petition. United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002).

In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA") which amended § 2255. The one-year limitation period in which to file a motion under § 2255 runs from the latest of "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the United States Constitution or the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255. Here, it appears that the judgment became final on March 9, 2009, when no petition for certiorari was filed in the Supreme Court; therefore, the instant motion, if construed as a § 2255 motion, was timely filed.

Generally, second or successive motions under § 2255 are prohibited. In order to be heard, a second or successive motion must be certified as provided in § 2244 by a panel of the

appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. If not certified, the district court must dismiss the second or successive petition. Rules Governing Section 2255 Proceedings 4(b) and 9.

**IT IS, THEREFORE, ORDERED** that the Defendant has twenty (20) days to respond to this Order and indicate whether he requests that the Court to consider his motion for a new trial or to vacate the case in its entirety as a motion under § 2255. The failure to respond will result in the Court construing the motion as a motion under § 2255 and proceeding accordingly.

The Clerk is directed to send copies of this Order and Notice to the parties, including Elijah Junior Simms, Reg. No. 20614-058, FCI Butner Low, Federal Correctional Institution, P.O. Box 999, Butner, North Carolina, 27509.

Signed: October 22, 2009

Robert J. Conrad, Jr.
Chief United States District Judge