UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-43-RJC
(3:05-cr-340-RJC-CH-1)

| ELIJAH JUNIOR SIMS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

**I.     BACKGROUND**

On February 16, 2006, a jury found Petitioner guilty of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) (Count One), and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(b)(1)(B) (Count Two). (Case No. 3:05-cr-340, Doc. No. 31: Jury Verdict). On November 28, 2006, Petitioner was sentenced to 120 months imprisonment on Count One and to 120 months imprisonment on Count Two, with the sentences to run concurrently. (Id., Doc. No. 39: Judgment). Moreover, the Court sentenced Petitioner to three years of supervised release for the firearm count and to eight years of supervised release for the drug conviction. (Id.). Petitioner appealed and on December 9, 2008, the Fourth Circuit upheld

Petitioner's conviction. United States v. Sims, 302 Fed. App'x 195 (4th Cir. 2008).

On November 18, 2009, Petitioner filed a Section 2255 motion to vacate, which this Court denied on August 6, 2012. (Id., Doc. Nos. 69; 72: Civil No. 3:09-cv-491). On December 18, 2012, the Fourth Circuit Court of Appeals denied Petitioner's application for authorization to file a successive Section 2255 petition. (Crim. No. 3:05-cr-340, Doc. No. 73). On January 22, 2013, Petitioner filed the instant Section 2255 petition.[1]

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner filed the instant Motion to Vacate on January 22, 2013, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 3:05-cr-340. As noted, Petitioner filed a previous motion to vacate the same conviction and sentence on November 18, 2009. Thus, this is the second Section 2255 petition filed by Petitioner challenging the conviction and sentence in Criminal Case No. 3:05-cr-340.[2]

---

[1] Petitioner was released from prison on July 11, 2014, and he is now serving his term of supervised release.

[2] Petitioner filed a third Section 2255 petition on January 20, 2015, and the Court denied that petition as successive on August 18, 2015. See (Civil No. 3:15cv41, Doc. Nos. 1; 6).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Indeed, as noted, on December 18, 2012, the Fourth Circuit Court of Appeals expressly denied Petitioner's application for authorization to file a successive Section 2255 petition. (Crim. No. 3:05-cr-340, Doc. No. 73). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

**IV.    CONCLUSION**

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

    **IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules

Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 8, 2015

Robert J. Conrad, Jr.
United States District Judge